IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SERGIO J. BLASCO-FIGUEROA,**

   Plaintiff,

   v.

**PUERTO RICO AQUEDUCTS AND SEWER AUTHORITY**,

   Defendant.

Civil No. 14-1395 (GAG/BJM)

### ORDER ON MOTION TO COMPEL

Before the court is plaintiff Sergio Blasco-Figueroa's ("Blasco-Figueroa" or "plaintiff") Motion to Compel Appearance at Deposition requesting the court to order the appearance of Puerto Rico Aqueducts and Sewer Authority's ("PRASA" or "defendant") designated representatives prepared to testify on all topics listed in Schedule A of plaintiff's Notice of Taking of Corporate Deposition. (Docket No. 23). Defendant opposed plaintiff's motion. (Docket No. 25). Plaintiff replied. (Docket No. 28). The matter was referred to me for disposition. (Docket No. 24).

Plaintiff sent defendant a notice of taking of corporate deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, seeking testimony by defendant's corporate witness about seven specific topics. (Docket No. 23-1). PRASA has agreed to testify about topics 3, 4, and 5. However, PRASA objects to topics 1, 2, 6, and 7. (Docket No. 23-2.)

The court reminds the parties of their obligation to engage in good faith efforts to avoid and resolve discovery disputes without resorting to the court. *Velázquez-Pérez v. Developers Diversified Realty Corp.,* 272 F.R.D. 310, 312 (D.P.R. 2011). Both parties are reminded that overly broad discovery requests create unnecessary conflicts that do not advance the merits of their case. Finally, failure to comply with discovery obligations and engage in discovery in a responsible manner will not be tolerated and may result in sanctions.

The Federal Rules of Civil Procedure provide litigants with various discovery tools to

establish material facts underlying the case. Discovery extends to matters that are relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Rules provide as well that a court "must limit the frequency or extent of discovery otherwise allowed" under the rules if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case.

*Id.* Further, Rule 26(c) provides that a party or person from whom discovery is sought may move for a protective order, and the court may, for good cause, issue a protective order to protect that party from annoyance or undue burden by issuing an order that forbids the discovery, forbids inquiry into certain matters, or limits the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

When an organization is noticed for deposition, the organization must designate one or more persons to testify on its behalf. Fed. R. Civ. P. 30(b)(6). The deposing party "must describe with reasonable particularity the matters for examination." *Id.* The person or persons so designated by the organization need not have personal knowledge of the events in question, so long as they are able to testify to "information known or reasonably available to the organization." *Id.*; *see Mitsui & Co. (U.S.A.) v. P.R. Water Res. Auth.,* 93 F.R.D. 62, 67 (D.P.R. 1981) ("The general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order."). The rule imparts an obligation on the organization to "prepare the designees so that they may give knowledgeable and binding answers for the [organization]." *Booker v. Mass. Dep't of Pub. Health,* 246 F.R.D. 387, 389 (D. Mass. 2007) (quoting *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)). With these principles in

Blasco-Figueroa v. PRASA, Civil No. 14-1395 (GAG/BJM) 3

mind, I proceed to examine each of the disputed examination topics.

Topic 1 refers to defendant's assertion that plaintiff did not request or require an accommodation under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Topic 2 refers to PRASA's claim that plaintiff never requested any reasonable accommodation. PRASA argues that these topics refer to legal conclusions made by defendant in its answer and in the parties' joint ISC memorandum, respectively. In its answer, PRASA asserts that "[p]laintiff did not request or require an accommodation under the ADA or Act 44." (Docket No. 8). In the joint ISC memorandum, PRASA contends that plaintiff never requested any reasonable accommodation. Defendant argues that both claims are issues of law, not factual statements, and for that reason plaintiff cannot seek discovery. (Docket No. 25). Plaintiff replies he is not requesting from defendant any legal conclusion, but rather the facts on which defendant grounds its conclusion that "[p]laintiff did not request or require and accommodation under the ADA or Act 44." (Docket No. 28). Defendant's argument is unavailing. Topics 1 and 2 are clearly relevant and within the scope of discovery given that they address facts and allegations in the complaint and answer, including affirmative defenses.

Defendant objects to topics 6 and 7 because the employment history of non-party individuals and the decision process behind PRASA's reasonable accommodation grants to said individuals, if any, is totally irrelevant to plaintiff's own request for reasonable accommodation. Specifically, topic 6 refers to "Minerva Aponte, Laura Sotomayor, and Félix de Jesús employment history with PRASA after they were recruited until present including but not limited to positions held, salaries, duties performed as well as to all reports and documents regarding their request of reasonable accommodation." (Docket No. 23-1). Topic 7 refers to the decisional process underlying PRASA's granting the reasonable accommodation requests of Minerva Aponte, Laura Sotomayor, and Félix de Jesús. *Id.* Contrary to PRASA's position, plaintiff argues that topics 6 and 7 are "completely relevant to the instant case." (Docket No. 23).

It is plaintiff's contention that PRASA discriminated against him by failing to provide him with a reasonable accommodation. *Id.* The First Circuit has noted that "[t]he federal statutes

Blasco-Figueroa v. PRASA, Civil No. 14-1395 (GAG/BJM)                                                    4

barring discrimination based on disability do more than merely prohibit disparate treatment; they also impose an affirmative duty on employers to offer a 'reasonable accommodation' to a disabled employee." *Calero–Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19–20 (1st Cir. 2004). Disability discrimination under the ADA is defined to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A); *see Reed v. LePage Bakeries, Inc.,* 244 F.3d 254, 257 (1st Cir. 2001); *Maldonado-Ortiz v. Lexus de San Juan,* 775 F. Supp. 2d 389, 407 (D.P.R. 2011).

To prevail on a reasonable accommodation claim under the ADA, a plaintiff must show: (1) that he is disabled within the meaning of the ADA; (2) that he was able to perform the essential functions of her job, either with or without a reasonable accommodation; and (3) that, despite his employer's knowledge of his disability, the employer did not offer a reasonable accommodation for the disability. *Calero–Cerezo,* 355 F.3d at 20; *Torres–Almán v. Verizon Wireless P.R., Inc.,* 522 F. Supp. 2d 367, 385 (D.P.R. 2007).

An essential function is one that "bear[s] more than a marginal relationship to the job at issue." *Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 33 (1st Cir. 2011) (alteration in original) (quoting *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993)). "Relevant evidence of whether a function is essential includes the employer's judgment regarding functions, pre-existing written job descriptions, and the work experience of past and current holders of similar positions." *García-Ledesma v. Centro*, 916 F. Supp. 2d 161, 173 (D.P.R. 2012) (citing *Mulloy v. Acushnet Co.*, 460 F.3d 141, 147 (1st Cir. 2006)). The plaintiff has the burden of proving the reasonableness of an accommodation, while the employer has the burden of proving that the accommodation would impose an undue hardship. *García-Ayala v. Lederle Parenterals, Inc.,* 212 F.3d 638, 648–49 (1st Cir. 2000). For example, "an employee's proposal that her work area be modified might be facially reasonable, but the employer may still show that, given the particular limitations on its financial resources, or other hidden costs, such accommodation

Blasco-Figueroa v. PRASA, Civil No. 14-1395 (GAG/BJM)                                                                 5

imposes an undue hardship." *Reed,* 244 F.3d at 260.

Since plaintiff alleges that PRASA discriminated against him because it failed to provide him with a reasonable accommodation, and that there allegedly were other similarly situated employees at PARSA that were granted reasonable accommodations, the process followed to grant these non-party individuals reasonable accommodations potentially has a bearing on whether plaintiff's requested accommodation was reasonable or even feasible. *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999). Blasco-Figueroa bears the burden of proving that PRASA could provide a reasonable accommodation for his disability, and concurrently, PRASA bears the burden to show that the proposed accommodation would impose an undue hardship. For this reason, discovery of the information requested in topics 6 and 7 should be allowed at this time. Finally, it bears noting that it remains to be seen whether any information produced actually meets the more heightened standard of admissibility. But that is a question for another day.

For the foregoing reasons, plaintiff's motion is **GRANTED**, and PRASA is ordered to produce corporate representatives to testify as to topics 1, 2, 6, and 7.

**IT IS SO ORDERED**
In San Juan, Puerto Rico, this 1st day of May, 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge