IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SERGIO J. BLASCO FIGUEROA,**

**Plaintiff,**

**v.**

**PUERTO RICO AQUEDUCTS AND SEWER AUTHORITY,**

**Defendant.**

**CIVIL NO. 14-1395 (SCC)**

## **OPINION AND ORDER**

Mr. Sergio J. Blasco Figueroa ("Plaintiff") brings this action against Defendant Puerto Rico Aqueducts and Sewer Authority ("PRASA") alleging PRASA's failure to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*, and Puerto Rico Law 44 of July 2, 1985, P.R. LAWS ANN. tit. 1, § 501 *et seq.* ("Law 44").

PRASA's four motions in limine are before the Court. PRASA seeks to (i) strike and exclude Plaintiff's witness Dr. Falcón; (ii) exclude any reference to Plaintiff's previously dismissed claims; (iii) exclude Plaintiff's March 3, 2014 email to Ms. Lora Espada; and (iv) exclude Plaintiff's medical records. (Docket Nos. 71; 72; 73; 74.) Plaintiff opposes these four motions. (Docket No. 80.)

After reviewing the submissions and applicable law, PRASA's motion in limine at Docket No. 71 is **GRANTED in part and DENIED in part.** PRASA's motion in limine at Docket No. 72 is **GRANTED to the limited extent as described herein**. PRASA's motion in limine at Docket No. 73 is **GRANTED**. PRASA's motion in limine at Docket No. 74 is **DENIED.**

**Civil No. 14-1395 (SCC)**

## I. Relevant Factual and Procedural Background

In March 2006, Plaintiff began working at PRASA as an Infrastructure Technology Manager in the Information Systems Department ("ISD"). (Docket No. 68 at 17.) The ISD is led by Director Hector Sanabria ("Sanabria"). (Docket No. 53 at 2.) One of the ISD subgroups is Productions and Operations. Id. The Productions and Operations subgroup is led by Assistant Director Carlos Díaz ("Díaz"), who is Plaintiff's direct supervisor. Id.

In June 2013, Plaintiff was diagnosed and treated for severe depression and severe psychosis. Id. at 3. On June 13, 2013, Plaintiff sent a letter to Sanabria and Díaz, informing his two supervisors of changes to his emotional health. Id. PRASA disputes whether Plaintiff informed Sanabria and Díaz of his specific medical condition. Id. Nevertheless, PRASA's director of Human Resources, Mr. Ruben Lugo, met with Plaintiff and his two supervisors to discuss Plaintiff's concerns relating to his medical condition. Id.

From July 3, 2013 until July 12, 2013, Plaintiff was interned at the First Hospital Panamericano for his condition. Id. at 4. On July 13, 2013, Plaintiff requested a transfer to "a similar occupation in another department with another supervisor." Id. In response, PRASA's Human Resources and Recruitment departments generated an evaluation deeming Plaintiff qualified for two positions: (1) Technology Manager (Plaintiff's position at the time); and (2) Service Supervisor. Id. The parties dispute whether the evaluation included all available positions for which Plaintiff could qualify under PRASA's internal regulations. Id.

On September 27, 2013, Human Resources submitted Plaintiff's accommodation request, noting that Plaintiff would be referred to Universal Medical Option for evaluation. Id. at 5. Plaintiff denies PRASA referred him to a medical consultant. Id.

2

**Civil No. 14-1395 (SCC)**

On November 18, 2013, two members of Human Resources met with Plaintiff and informed of Plaintiff's two options following his accommodation request: a position as a Service Supervisor or a leave of absence. Id. Plaintiff declined both options.

In May 2014, Plaintiff's filed suit in federal court. PRASA moved for summary judgment. (Docket No. 36.) On March 22, 2016, this Court dismissed Plaintiff's claims alleging disability discrimination, hostile work environment, and violation of Articles 1802 and 1803 of the Civil Code of Puerto Rico. (Docket No. 53.) While PRASA's motions in limine were pending, the parties consented to proceed before a Magistrate Judge. (Docket No. 81.) Pursuant to 28 U.S.C. § 636, Judge Gelpí referred the case to the undersigned on October 14, 2016. (Docket No. 83.)

**II.    Discussion**

A.  Plaintiff's Witness Dr. Falcón

PRASA seeks to exclude the testimony of Dr. Falcón for failure to disclose in violation of Rule 26 of the Federal Rules of Civil Procedure. (See Docket No 71.) Plaintiff responds that the pretrial disclosure requirements of Rule 26(a)(3) are satisfied, and even if his disclosure was untimely, it was harmless. (Docket No. 80, at 2-3.) Plaintiff's argument misconstrues the requirements of Rule 26.

The guiding tenet of Rule 26 of the Federal Rules of Civil Procedure is disclosure. Rule 26(a)(1)(A) requires mandatory initial disclosure of all individuals and documents the disclosing party "may use to support its claims or defenses[.]" FED. R. CIV. P. 26(a)(1)(A). Rule 26(e)(1) imposes a duty to supplement and update initial disclosures. FED. R. CIV. P. 26(e)(1). "In addition to the disclosures required by Rule 26(a)(1) and (2)[,]" Rule 26(a)(3) requires pretrial disclosure of additional evidence a party seeks to present at trial. FED. R. CIV. P. 26(a)(3).

**Civil No. 14-1395 (SCC)**

Defendant admits Dr. Falcon was first disclosed as a potential witness well beyond the discovery deadline. (Docket No. 80, at 2.) Instead, Defendant argues that since Rule 26(a)(3)(B)'s requirement for pretrial disclosures has been met, the other requirements of Rule 26 are satisfied as well.[1] Id. Additionally, Plaintiff attempts to reassure the Court that "neither Dr. Falcon nor the custodians of records are going to testify about the merits of the factual allegations in this case, but rather simply about the authenticity of certain documents and their content[.]" Id.

To the extent Dr. Falcón will testify only to authenticate medical records, Plaintiff's argument has merit. Dr. Falcón has personal knowledge of the contents of the First Hospital Panamericano records because she created those records. (Docket No. 41-2.) Dr. Falcón's testimony as to the medical records is thus sufficient to satisfy the personal knowledge requirements of Rule 602 and the authentication requirements of Rule 901 of the Federal Rules of Evidence. Moreover, Plaintiff's disclosure of the First Hospital Panamericano records under Rule 26(a)(1) was timely. Plaintiff's disclosure of the trial witness through which the documents will be entered into evidence complied with Rule 26(a)(3).

The Court notes with concern that Plaintiff implies Dr. Falcón will testify as a fact witness.[2] In the Joint Pretrial Conference Memorandum, Plaintiff stated Dr. Falcón will testify as to Plaintiff's "emotional condition, diagnosis and treatment." (Docket No. 68 at 14.) Such substantive testimony in support of plaintiff's claim would be inappropriate under Rule

---

[1] Plaintiff's reliance on Hernandez-Torres v. Intercontinental Trading, Inc. is misplaced. There, the trial court ruled disclosure of defense witness satisfied Rule 26(a)(3). 158 F.3d 43, 49 (1st Cir. 1998). Plaintiff appealed district court's ruling and the First Circuit affirmed. However, plaintiff did not raise any argument on appeal regarding whether the disclosure requirements of Rule 26(a)(1) were satisfied. Id. at 49 n.3.

[2] It is clear Plaintiff will not seek to introduce expert testimony through Dr. Falcón. Plaintiff has not listed Dr. Falcón as an expert witness and has not provided any expert report, as required by Rule 26(a)(2). (Docket No. 68, at 21.)

4

**Civil No. 14-1395 (SCC)**

26(a)(1)(A). Instead, the Court will hold Plaintiff to his word that "neither Dr. Falcon nor the custodians of records are going to testify about the merits of the factual allegations in this case[.]" (Docket No. 68 at 14.) Accordingly, Dr. Falcón may testify for the narrow purpose of authenticating medical records for which he has firsthand knowledge. However, Dr. Falcón may not testify as a fact witness or an expert witness in support of Plaintiff's claims.

For the reasons discussed above, PRASA's motion to exclude Dr. Falcón as a witness is **GRANTED in part and DENIED in part**.

### B. Evidence Relating to Previously Dismissed Claims

PRASA moves to exclude evidence relating to Plaintiff's previously dismissed disability discrimination, hostile work environment, and Article 1802 and 1803 claims. (Docket No. 72.) The source of PRASA's concern is the anticipated scope of Plaintiff's testimony, as stated in the Joint Pretrial Conference Memorandum.[3] In response, Plaintiff seeks flexibility to present his case to the jury. (Docket No. 80 at 4.)

To be admissible, evidence must be relevant. FED. R. EVID. 402. Conversely, irrelevant evidence is inadmissible. Id. Evidence is relevant when it has any tendency to make a material fact more or less probable. FED. R. EVID. 401. Relevance is a necessary, but not sufficient, condition for admissibility. Under Rule 403, the Court may exclude relevant evidence when the probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice, confusion, or delay. FED. R. EVID. 403. Courts have broad discretion to weigh the probative value and any factors counseling against admissibility in making evidentiary rulings. Sprint/United

---

[3] The Memorandum states Plaintiff "will testify about any and all facts that were alleged in the Complaint, specifically regarding defendant failure to provide him with reasonable accommodation and enter into an interaction process [*sic*]. He will also testify about the facts alleged during his deposition, as well as to all the damages that he has suffered as a result of defendant's actions." (Docket No. 68 at 14.)

5

**Civil No. 14-1395 (SCC)**

Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008); United States v. Guzman-Montanez, 756 F.3d 1, 7 (1st Cir. 2014).

Any relevancy determination turns on the elements of Plaintiff's claim. The ADA imposes liability on employers who fail to accommodate an employee's "known physical or mental limitations" unless the accommodation would impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A). For a reasonable accommodation claim, Plaintiff must show (1) he suffers from a disability under the ADA; (2) he was otherwise able to perform the essential functions of his job, with or without a reasonable accommodation; and (3) the employer knew of Plaintiff's disability and did not reasonably accommodate it. Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 197-98 (1st Cir. 2011) (citing Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002).

PRASA has not identified the specific facts it seeks to exclude as irrelevant. (Docket No. 72 at 5.) Accordingly, the Court grants Plaintiff wide latitude to establish facts relating to his ADA reasonable accommodation claim. For example, facts relating to Plaintiff's mental condition are relevant to show Plaintiff's disability under the ADA. Likewise, facts about Plaintiff's treatment at work after June 2013—the date his disability was diagnosed—are relevant to establishing both PRASA's knowledge and failure to accommodate Plaintiff's disability.

By the same token, Plaintiff may not present evidence that is irrelevant to his ADA reasonable accommodation claim. The Court has previously addressed Plaintiff's insufficient factual contentions relating to his disability discrimination and hostile work environment claims. (See Docket No. 53 at 7-10, 12-14.) For example, Plaintiff alleged (i) a lack of office space, (ii) removal from the Lotus Notes e-mail program, and (iii) exclusion from a salary increase as support for Plaintiff's now-dismissed ADA disability discrimination claim. (See Docket No. 53 at 8-9.) These facts are irrelevant because they do not tend to make any element of Plaintiff's ADA

6

reasonable accommodation claim more or less likely. Additionally, any fact about Plaintiff's workplace treatment before June 2013 is irrelevant because those events occurred before Plaintiff's medical diagnosis and notified PRASA of the diagnosis. (See Docket Nos. 43 at 13-15; 36-19 at 4.) The Court finds these facts irrelevant to Plaintiff's reasonable accommodation claim, and thus inadmissible as evidence. See FED. R. EVID. 402.

Accordingly, PRASA's motion to exclude evidence relating to Plaintiff's previously dismissed claims is **GRANTED to the limited extent as follows**: (i) evidence of a lack of office space; (ii) evidence of removal from the Lotus Notes e-mail program; (iii) Plaintiff's exclusion from a salary increase, and (iv) evidence of Plaintiff's workplace treatment before June 2013 shall be excluded under Rule 402 of the Federal Rules of Evidence. However, Plaintiff will be afforded wide latitude to establish the facts of his case, including the necessary background and foundational facts, relating to (i) his disability, (ii) his ability to perform his job with or without an accommodation, (iii) PRASA's knowledge of Plaintiff's disability; and (iv) PRASA's failure to reasonably accommodate Plaintiff's disability.

C.  Plaintiff's Email

PRASA seeks to exclude Plaintiff's March 3, 2014 email to Ms. Lora Espada. (Docket No. 73.) PRASA argues the email was not disclosed during discovery and therefore should be excluded under Rules 26(a), 26(e) and 37(c) of the Federal Rules of Civil Procedure. Tellingly, Plaintiff responds that PRASA never requested the email in discovery. (Docket No. 80, at 3.)

As discussed above, Rule 26 creates affirmative duties to (i) disclose evidence a party may use to support its claims and (ii) supplement those disclosures when additional information becomes available. FED. R. CIV. P. 26(a), (e). Rule 37(c) grants courts the power to exclude evidence for non-compliance with these directives, unless the failure was substantially justified or

7

**Civil No. 14-1395 (SCC)**

harmless. FED. R. CIV. P. 37(C)(1)(A)-(C). Courts have broad discretion to impose sanctions for Rule 37 violations. See An-Port, Inc. v. MBR Indus., Inc., 772 F. Supp. 1301, 1306 (D.P.R. 1991).

Plaintiff does not dispute his non-disclosure of the March 3, 2014 email. (Docket No. 80 at 3.) Plaintiff presents no argument the failure to disclose the March 3, 2014 email was substantially justified or harmless. Id. PRASA, on the other hand, has been denied the opportunity to investigate email through discovery due to Plaintiff's non-disclosure. Accordingly, the Court prohibits Plaintiff from presenting evidence of the March 3, 2014 email at trial. Therefore, PRASA's motion to exclude Plaintiff's March 3, 2014 email to Ms. Lora Espada is **GRANTED**.

D.  Medical Records

PRASA moves to exclude Plaintiff's medical records as inadmissible hearsay. (Docket No. 74.) Plaintiff does not directly respond.[4] Nevertheless, PRASA's argument is meritless.

Hearsay is an out of court statement offered into evidence for the truth of the matter asserted. FED. R. EVID. 801. Hearsay is inadmissible unless an exception or exclusion applies. FED. R. EVID. 801, 802. Rule 803(4) provides the medical records exception to the hearsay exclusionary rule. Specifically, the medical records exception provides any statement that "(A) is made for—and reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause" shall be admissible. FED. R. EVID. 803(4).

The Rule 803(4) hearsay exception squarely applies to Plaintiff's medical records. PRASA offers no argument to the contrary. The Court is surprised PRASA moved to exclude Plaintiff's medical records as hearsay, even noting "the hearsay exceptions set forth in Federal Rules of

---

[4] Plaintiff states the medical records "were part of initial disclosures" and that the records were also part of PRASA's responses to Plaintiff's discovery requests. (Docket No. 80 at 2.) While perhaps relevant to notice, these contentions are irrelevant to PRASA's hearsay argument.

**Civil No. 14-1395 (SCC)**

Evidence 801(d), 802, 803 and 804[,]" while PRASA conveniently ignored the applicability of these exceptions. (Docket No. 74 at 2.)  Therefore, PRASA's motion to exclude Plaintiff's medical records as hearsay is **DENIED**.

### III. Conclusion

For the reasons stated above, PRASA's motion in limine at Docket No. 71 is **GRANTED in part and DENIED in part**. PRASA's motion in limine at Docket No. 72 is **GRANTED to the limited extent as described herein**. PRASA's motion in limine at Docket No. 73 is **GRANTED**. Finally, PRASA's motion in limine at Docket No. 74 is **DENIED**.

The parties shall meet for a final pretrial settlement conference. Following the conference, this matter will be ready for trial.

**SO ORDERED.**

In San Juan, Puerto Rico, on this 21st day of October, 2016.

*s/ Silvia Carreño-Coll*
SILVIA CARREÑO-COLL
United States Magistrate Judge

9